1
2
3
4
5
6
7

**THE DISTRICT COURT OF GUAM**

8
9
10
11
12
13
14

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 24-00005 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 455 TO RECUSE TRIAL JUDGE (ECF NO. 73)** |
| BONNIE JO C. QUICHOCHO, and JUNG HOON SONG, | |
| Defendants. | |

15
16
17
18
19
20
21
22

     Before the court is Defendant Jung Hoon Song's Motion Pursuant to 28 U.S.C. § 455 to Recuse Trial Judge. ECF No. 73. The motion is accompanied by a declaration, signed under penalty of perjury, by counsel for Defendant Song, Mr. David J. Lujan. ECF No. 74. The motion and supporting declaration make serious allegations that the undersigned judge should be disqualified from presiding over this case because the undersigned's "impartiality and bias against Attorney Lujan might reasonably be questioned." *See* Mot. at 1-2, ECF No. 73. Having reviewed the motion, associated filings, and relevant law, the court finds this matter suitable for resolution without a hearing. For the reasons stated below, the motion is **DENIED**.

23

**I.  Background**

24

     On March 6, 2024, Defendants Bonnie Jo C. Quichocho and Jung Hoon Song were

1   indicted on two counts: Conspiracy to Commit Visa Fraud, in violation of 18 U.S.C. §§ 371,

2   1546(a), 2, and Visa Fraud, in violation of 18 U.S.C. §§ 1546(a), 2. Indictment, ECF No. 1.

3   Defendant Quichocho is represented by Federal Public Defender Leilani V. Lujan, and

4   Defendant Song is represented by retained counsel Mr. David J. Lujan.[1] *See* ECF Nos. 6, 8. On

5   two occasions, Mr. Lujan failed to appear for pretrial hearings, and the court sanctioned him in

6   the amounts of $190.00 on October 30, 2024, and $250.00 on April 1, 2025, after providing him

7   with notice and an opportunity to be heard. *See* ECF Nos. 33, 67; *see also* ECF Nos. 28, 66. Jury

8   selection and trial was originally set for May 23, 2024, but is now scheduled to commence on

9   June 30, 2025, due to continuances at the request of all parties. *See* ECF Nos. 9, 70; *see also* ECF

10   Nos. 16, 22, 32, 34, 42, 43, 68.

11       At the status hearing on June 13, 2025, Ms. Gloria Rudolph appeared on behalf of

12   Defendant Song due to Mr. Lujan being off-island. *See* Mins., ECF No. 72. Ms. Rudolph

13   represented to the court that Mr. Lujan intended to file a motion to disqualify the undersigned by

14   June 18, 2025. *See id.* The instant motion and supporting declaration were filed thereon. Mot.,

15   ECF No. 73. The court subsequently ordered the United States to respond and Defendant Song to

16   reply on an expedited basis to avoid an additional continuance of trial. *See* Order, ECF No. 75.

17   The Government timely filed an opposition on June 21, 2025, and Defendant Song filed a reply

18   on June 24, 2025, which is after the deadline ordered by the court and without justification for

19   doing so. ECF Nos. 76, 77.

20       To summarize, the motion and supporting declaration allege two principal reasons why

21   the undersigned should recuse herself from presiding over this case, both of which are believed

22   to support the conclusion that the undersigned holds personal bias and prejudice against Mr.

23

24

---

[1] Ms. Delia Lujan Wolff and Ms. Gloria Rudolph have not filed entries of appearances in this case but have either filed motions or appeared on behalf of Mr. Lujan. *E.g.*, ECF Nos. 49, 50, 72.

1   Lujan at the expense of his client. *See* Mot., ECF No. 73. The first reason is that the U.S. Court

2   of Appeals for the Ninth Circuit reversed the undersigned's decision in *United States v. Crowe*,

3   wherein Mr. Lujan was counsel for Kenneth Rufus Crowe, and that decision was "a likely factor

4   in the decision not to reappoint [the undersigned],"[2] and that the undersigned "blames" Mr.

5   Lujan for how the case resolved. *See* Mot. at 3, ECF No. 73; *see also* Decl. at 1-8, ECF No. 74.

6   The second reason is that the undersigned's alleged "animosity" toward Mr. Lujan has "already

7   affected the [undersigned's] treatment of Attorney Lujan and a different client in another

8   prosecution." Mot. at 4, ECF No. 73. Namely, the motion and supporting declaration allege that,

9   in *United States v. Marasigan*, the undersigned "held trial seven days per week, with only 10 to

10   15 minutes each day for lunch" and "neglected to reveal . . . a 'love letter' the Judge and her

11   chambers received from the members of the jury," which "interfered with Attorney Lujan's

12   ability to effectively represent his client" and reveal the undersigned's "animosity" toward Mr.

13   Lujan. *Id.*; *see also* Decl. at 8-9; ECF No. 74.

14       Of particular relevance to this Decision and Order is the court's prior disposition of near-

15   identical motions filed by Mr. Lujan on behalf of his client in *United States v. Marasigan* on

16   April 3 and April 7, 2025. *See United States v. Marasigan*, Criminal Case No. 23-00014, 2025

17   WL 1146712 (D. Guam Apr. 19, 2025). Therein, the court addressed most of the contentions

18   contained in the instant motion and ultimately denied the motions because there was "an absence

19   of legitimate reason to recuse or disqualify" from that case. *See id.* at *15-17.

20   **II.  Legal Standard**

21       "It is well established in this circuit that a recusal motion must be made in a timely

22   fashion." *See United States v. Mikhel*, 889 F.3d 1003, 1026 (9th Cir. 2018) (quoting *E. & J.*

23   ───────────────────
     [2] A judge who is appointed to the District Court of Guam serves "for the term of ten years and until his successor is
     chosen and qualified," and, as such, the judge is subject to reappointment at the expiration of their initial ten-year
24   term. *See* 48 U.S.C. § 1424b(a).

1    *Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992)). "While there is no *per*

2    *se* rule that recusal motions must be made at a fixed point in order to be timely, such motions

3    should be filed with reasonable promptness after the ground for such motion is ascertained." *Id.*

4    Importantly, where "unexplained delay" in filing "'suggests that the recusal statute is being

5    misused for strategic purposes,' the motion will be denied as untimely." *Id.* (citations omitted).

6         Substantively, under 28 U.S.C. § 455(a), a judge "shall disqualify [herself] in any

7    proceeding in which [her] impartiality might reasonably be questioned." A judge shall also

8    disqualify herself where she "has a personal bias or prejudice concerning a party, or personal

9    knowledge of disputed evidentiary facts concerning the proceeding." *Id.* at § 455(b)(1). Section

10    455 is "self-enforcing," such that the judge has a duty to evaluate whether she should be recused.

11    *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980). The judge must evaluate "whether a

12    reasonable person with knowledge of all the facts would conclude that the judge's impartiality

13    might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.

14    1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). "The reasonable

15    person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed,

16    thoughtful observer." *Mikhel*, 889 F.3d at 1027 (quoting *United States v. Holland*, 519 F.3d 909,

17    913 (9th Cir. 2008)). "[T]he merest unsubstantiated suggestion" or "conclusory allegation[]" of

18    personal bias or prejudice is insufficient to warrant recusal. *Mikhel*, 889 F.3d at 1027; *Sibla*, 624

19    F.2d at 868.

20         Allegations of bias or prejudice must be "directed at a party and stem[] from an

21    extrajudicial source." *Sibla*, 624 F.2d at 689. This limitation "generally require[s] . . . something

22    other than rulings, opinions formed or statements made by the judge during the course of trial."

23    *Holland*, 519 F.3d at 913-14 (citing *Likety v. United States*, 510 U.S. 540, 554-56 (1994));

24

1    *Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (explaining that "a judge's prior ruling is not

2    sufficient cause for recusal"). "[O]pinions formed by the judge on the basis of facts introduced or

3    events occurring in the course of the current proceedings, or of prior proceedings, do not

4    constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or

5    antagonism that would make fair judgment impossible." *Likety v. United States*, 510 U.S. 540,

6    555 (1994).

7    **III. Discussion**

8         The first ground alleged to warrant disqualification arose from a decision by the

9    undersigned in a separate criminal case dating back to more than three years ago, which was later

10   reversed by the Ninth Circuit in November 2023. *See United States v. Crowe*, No. 22-10139,

11   2023 WL 7297332 (9th Cir. Nov. 6, 2023). The grand jury returned the indictment in the instant

12   case on March 6, 2024, and the instant recusal motion was filed on June 18, 2025—more than

13   one year after the indictment, and less than two weeks before trial is set to proceed. *See supra* at

14   1-2. Although Defendant Song argues that the undersigned's "bias" against Mr. Lujan has caused

15   "unfair treatment" in another ongoing case, the delay in filing the instant motion is left

16   unexplained. This delay, when considered with the similarly unexplained delay in *Marasigan*,

17   "suggests that the recusal statute is being misused for strategic purposes," and that the motion

18   should be denied on this ground alone. *See Mikhel*, 889 F.3d at 1026; *see also Marasigan*, 2025

19   WL 1146712, at *17, n.7. Unlike the prior motions, however, the instant motion was filed after

20   the conclusion of trial proceedings in *Marasigan*. *See* Mot. at 4, ECF No. 73. As such, it contains

21   at least one new allegation of the undersigned's "bias and prejudice" against Mr. Lujan based on

22   events that occurred after the prior motions were decided. Although the motion is untimely and

23   should be denied on that ground alone, the new allegations also fail to assert plausible grounds

24

that would warrant the undersigned's recusal from this case.

As explained above, the court has already addressed the merits of the first principal reason—and parts of the second—in its decision in *Marasigan*. *See* 2025 WL 1146712, at *14-17. Rather than reiterate the analysis in full, the court incorporates it by reference and restates the following as relevant to the present allegations.

Regarding the first reason for recusal, Defendant Song has failed to provide credible allegations arising from extrajudicial sources or that "rise[] to the level of a high degree of favoritism or antagonism to make fair judgment impossible in this trial." *See id.* at *14.

> The Motion to Recuse is premised entirely on the assumption that the undersigned bears significant bias and prejudice against Mr. Lujan, at the expense of his client, for a decision rendered in a separate prior criminal case dating back to over three years ago. Defendant Marasigan's attempt to tie this idea to the factually unsupported conclusion that this somehow has any influence on the undersigned's judicial renomination fails to make his argument any more "extrajudicial" for purposes of evaluating whether recusal is proper . . . .

*Id.* at *15. The same reasoning applies here. The motion and supporting declaration attempt to paint a picture of the undersigned's bias and prejudice against Mr. Lujan that ultimately originate from an adverse ruling in a separate case that was reversed by the Ninth Circuit. *E.g.*, Mot. at 3-4, ECF No. 73. The attempt to connect the necessity of the undersigned's recusal in this case to Mr. Lujan's involvement in *United States v. Crowe* and the resolution of that case are, again, insufficient. Further speculation about the effect of the Ninth Circuit's opinion on the undersigned's reappointment does not render the allegations of bias and prejudice any more extrajudicial, substantiated, or credible against Mr. Lujan's client than when the court concluded the same in *Marasigan*. Therefore, for the reasons stated in *Marasigan*, these "unsubstantiated suggestion[s] of personal bias or prejudice" cannot form the basis of recusal under § 455. *See Mikhel*, 889 F.3d at 1027 (citation omitted); *see also Likety*, 510 U.S. at 555-56.

Furthermore, the allegations regarding the trial schedule in *Marasigan* entirely mischaracterize the reality of that case. As the court explained in denying the prior recusal motions, its *proposal* to conduct trial over the weekend or after hours based on concerns about the jury's separation is not the same as setting the trial schedule as described in the motion. *See Marasigan*, 2025 WL 1146712, at *16; *see also* Mot. at 4, ECF No. 73. In fact, the court addressed this concern by ordering that trial be held past 5:00 p.m. from April 1 to April 4, 2025,[3] after consulting with the jurors in open court and after the parties did not oppose this schedule.[4] *Id.* The allegation that the court "held trial seven days per week, with only 10 to 15 minutes each day for lunch" is patently untrue and belied by the record.[5] *Id.* Other than the lone paragraph in the supporting declaration, there is no evidence presented to support these contentions. *See* Decl. at 9, 211-46, ECF No. 74. Therefore, as similarly concluded in *Marasigan*, "there are no facts that support the contention that this limited extension to the trial schedule was made to inhibit Mr. Lujan's representation of his client," nor are there any substantiated allegations that the court's exercise of authority in setting the trial scheduling and managing its courtroom was based on the undersigned's alleged bias or prejudice against Mr. Lujan. *See id.*

The only new allegation articulated in the instant motion is that the undersigned

---

[3] This schedule "included 15-minute breaks at least every 1.5 to 2 hours, a lunch break of 45 minutes, and an evening break of 30 minutes." *Marasigan*, 2025 WL 1146712, at *16.

[4] Although, as the court noted in *Marasigan*, this schedule was only adhered to on April 1, 2025, due to the court granting a continuance to accommodate Mr. Lujan's illness and the motions that followed. *See Marasigan*, 2025 WL 1146712, at *16 n.9.

[5] The court's review of the minute entries in *Marasigan* between March 2025 and the date of this Decision and Order reveal only 5 occasions where court was in session past 5:00 p.m.: (1) a hearing on pretrial motions on March 11, 2025, which ended at 6:18 p.m.; (2) a hearing on pretrial motions and pretrial conference on March 12, 2025, which ended at 5:08 p.m.; (3) jury selection on March 13, 2025, which ended at 6:52 p.m.; (4) the seventh day of trial on April 1, 2025, which ended at 7:54 p.m.; (5) a hearing on motions for judgment of acquittal and a jury instructions conference on May 2, 2025, which ended at 5:29 p.m. In *Marasigan*, the minute entries can be located at ECF Nos. 366, 374, 377, 440, and 519. There were no occasions when the court was in session on a weekend.

"neglected to reveal to the parties a 'love letter' the Judge and her chambers received from members of the jury." Mot. at 4, ECF No. 73; *see also* Decl. at 9, ECF No. 74. According to the motion, there is a "possibility that the jurors voted as [to convict his client] in an effort to please the Judge." Mot. at 4, ECF No. 73. As reproduced in the supporting declaration, this "love letter"—more accurately described as "a handmade thank-you card"—was disclosed to the parties on May 13, 2025, but received by the court on May 7, 2025. *See* Decl. at 9, 244-46, ECF No. 74. The court declines to address the propriety or the merits of this thank-you card, as the related issues are actively pending before the court upon motions by Mr. Lujan and his co-counsel and counsel for a co-defendant in that case. Regardless, the motion and supporting declaration fail to address or provide evidence in support of how the thank-you card amounts to the undersigned's bias or prejudice against Mr. Lujan or against his client in this case. Instead, the filings merely speculate and conclude that the thank-you card and related disclosure show that the undersigned's impartiality might reasonably be questioned. *E.g.*, Mot. at 4, ECF No. 73. Beyond raising issues regarding the merits of such communication in that case, the motion provides only unsubstantiated and conclusory allegations that are insufficient to warrant recusal under Section 455. *Mikhel*, 889 F.3d at 1027; *Sibla*, 624 F.2d at 868; *Likety*, 510 U.S. at 555-56.

Therefore, because the motion and supporting declaration are untimely and substantively insufficient, the motion is **DENIED**.

**IV. Conclusion**

For the foregoing reasons, Defendant Song's Motion Pursuant to 28 U.S.C. § 455 to Recuse Trial Judge is **DENIED**.

In addition to this conclusion, the court also notes that this is now the second proceeding where Mr. Lujan has attempted to manufacture serious allegations of bias and prejudice by the

1   undersigned against him. This is also the third motion by which Mr. Lujan attests to facts signed

2   under penalty of perjury that are uncontrovertibly contradicted by the record. Accordingly, the

3   court reminds Mr. Lujan of his obligations as an officer of the court and under the Guam Rules

4   of Professional Conduct to refrain from knowingly making false statements or asserting frivolous

5   claims unless there is a basis in law or fact for doing so. The court further provides Mr. Lujan

6   with notice that continued violations of these or related rules may result in disciplinary action

7   pursuant to General Local Rule 22.3.

8           **SO ORDERED.**



                                          **/s/ Frances M. Tydingco-Gatewood**
                                                **Chief Judge**
                                          **Dated: Jun 27, 2025**